## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIM HENRY BALL, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:16-cv-01425-RDP** |
| | } | |
| **R. MCCOULLOUGH, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant Fowler's Motion to Dismiss Plaintiff's Fourth Amended Complaint. (Doc. # 135). The parties have fully briefed the Motion. (Docs. # 135, 142, 144). For the reasons explained below, Defendant Fowler's Motion to Dismiss (Doc. # 135) is due to be granted.

### I.    Procedural History

Plaintiff filed this action in the Circuit Court of Montgomery County on May 20, 2016. (Docs. # 1-1, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-16, 1-17, 1-18, 1-19, 1-20, 1-21, 1-22). On July 7, 2016, Defendants removed this case to the Middle District of Alabama. (Doc. # 1-1). The case was transferred to the Northern District of Alabama on August 29, 2016. (Doc. # 1). Plaintiff filed an Amended Complaint on January 9, 2017. (Doc. # 43).

After the court appointed an attorney to represent Plaintiff "for the limited purpose of drafting a second amended complaint," Plaintiff filed the Second Amended Complaint on June 19, 2017. (Docs. # 73, 74). The claims in the Second Amended Complaint relate to (1) Plaintiff's confinement in the Birmingham City Jail from November 2014 through February 2015 and (2) Plaintiff's treatment by Defendant Callahan while at Grandview Medical Center in January 2015. (Doc. # 74). On June 22, 2017, Defendants (including Defendant Fowler) who

were identified in the Complaint and First Amended Complaint but were not included in the Second Amended Complaint were dismissed from the proceeding. (Doc. # 76). After the court gave Plaintiff leave to amend the Second Amended Complaint (Doc. # 88), Plaintiff filed a Third Amendment to Complaint, which added claims against Defendant Fowler. (Doc. # 97). Defendant Fowler filed a Motion to Dismiss Third Amended Complaint on August 25, 2017. (Doc. # 106).

On October 17, 2017, the court severed Plaintiff's claims against Defendant Callahan into a separate case, dismissed Plaintiff's federal claims against Defendant Callahan, and remanded Plaintiff's case against Defendant Callahan to the Circuit Court of Montgomery County. (Doc. # 118). On the same day, the court denied without prejudice Defendant Fowler's Motion to Dismiss Third Amended Complaint (Doc. # 106) because Plaintiff's Third Amendment to Complaint (Doc. # 97) did not clearly state the facts which Defendant Fowler relied upon in her motion. (Docs. # 117, 118). The court granted Defendant Fowler's Motion for More Definite Statement (Doc. # 123) on November 6, 2017. (Doc. # 124). On November 15, 2017, Plaintiff filed his Fourth Amended Complaint, which more clearly laid out his allegations against Defendant Fowler. (Doc. # 127). Defendant Fowler has now filed another motion to dismiss the Fourth Amended Complaint (on December 1, 2017). (Doc. # 135).

## II.    Relevant Facts

"A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving Defendant Fowler's Motion to Dismiss (Doc. # 135), the court treats the facts alleged in the Fourth Amended Complaint (Doc.

# 127) as true. The court also liberally construes documents filed *pro se*, such as Plaintiff's Fourth Amended Complaint (Doc. # 135). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On May 13, 2014, a Birmingham City Jail officer escorted Plaintiff to Cooper Green Mercy Health Services ("Cooper Green") for a pain management treatment appointment stemming from a pre-detention automobile accident. (Doc. # 127 at p. 2-3). Plaintiff alleges that he was a pre-trial detainee at Birmingham City Jail at this time. (*Id.* at p. 2). Upon arrival to Cooper Green, Plaintiff told Defendant Fowler, a medical clerk at Cooper Green, that he was experiencing excruciating pain; however, Defendant Fowler allegedly denied Plaintiff access to Cooper Green's services. (*Id.* at p. 3). Plaintiff claims this denial of services exacerbated his condition. (*Id.*).

Plaintiff alleges his Fourteenth Amendment due process rights were "violated as a result of Plaintiff not receiving any opportunity to receive any form of needed medical treatment" from Cooper Green and Defendant Fowler. (*Id.* at p. 2). In the Fourth Amended Complaint's jurisdictional statement, Plaintiff states that this action is brought pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (*Id.* at p. 3). However, the only count in Plaintiff's Fourth Amended Complaint asserts a medical malpractice claim. (*Id.* at p. 4-5). More specifically, Count One of Plaintiff's Fourth Amended Complaint, Plaintiff alleges that "Defendant Fowler had a legal and contractual duty to allow Plaintiff access" to Cooper Green's services, that "Defendant Fowler breached her duty to allow Plaintiff access," that this "breach constituted medical malpractice, wanton conduct that was the proximate cause of Plaintiff's physical and psychiatric injuries and damages," and that this "breach fell below the standard of care for similarly situated medical facilities." (*Id.*).

### III.    Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Additionally, courts must liberally construe documents filed *pro se*.  *Erickson*, 551 U.S. at 94.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense within the former corners of his complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred." *Baker v. Sanford*, 484 Fed. App'x 291, 292 (11th Cir. 2012).

## IV. Analysis

Although Plaintiff asserts his claims against Defendant Fowler are brought pursuant to 42 U.S.C. § 1983 (because Defendant Fowler violated his Fourteenth Amendment right to due process), the single count listed in Plaintiff's Fourth Amended Complaint is a medical malpractice claim. (Doc. # 127). In requesting dismissal of Plaintiff's claims against her, Defendant Fowler contends that, regardless of whether Plaintiff has asserted a § 1983 claim[1] or a

---

[1] In order to state a claim for relief under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right secured under the United States Constitution or federal law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Although the U.S. Constitution does not provide a general right to medical care and services, the existence of a special relationship between an individual and a state may trigger a constitutional duty on the part of the state to provide certain medical services. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1034 (11th Cir. 1987). A governmental entity has a special relationship with a pretrial detainee and, therefore, has a constitutional duty to provide a pretrial detainee certain medical treatment under the Fourteenth Amendment. *See id.* at 1034-35; *see also City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244-45 (1983).

Plaintiff alleges that he "was a pre-trial detainee at B'ham City Jail on 5-13-2014." (Doc. # 127 at p. 2). Defendant Fowler seeks dismissal asserting that Plaintiff did not have an underlying right to medical treatment on

medical malpractice claim, Plaintiff has failed to state a claim upon which relief can be granted. (Doc. # 135). Defendant Fowler also argues that Plaintiff's claims are time-barred. (*Id.*). The court need only address the argument that Plaintiff's claim (however characterized) is time-barred.

"[T]he two-year limitations period of Ala. Code § 6–2–38(*l*) applies to section 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). Similarly, medical malpractice claims, which are governed by the Alabama Medical Liability Act, Ala. Code. § 6-5-480 *et seq.*, and the Alabama Medical Liability Act of 1987, Ala. Code. § 6-5-540 *et seq.*, "must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards." Ala. Code § 6-5-482. Accordingly, both § 1983 claims and medical malpractice claims are subject to a two-year statute of limitations period in Alabama. *See* Ala. Code §§ 6–2–38(*l*), 6-5-482.

Plaintiff filed this action on May 20, 2016, yet Plaintiff alleges that the events that form the basis of his § 1983 and medical malpractice claims against Defendant Fowler occurred on May 13, 2014. (Docs. # 1-1, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 127). It follows that Plaintiff's claims accrued on May 13, 2014, and this action was required to be filed on or before May 13, 2016. *See* Ala. Code §§ 6–2–38(*l*), 6-5-482. Plaintiff does not dispute that the two-year statute of limitations period applies to both § 1983 and medical malpractice claims; rather, he argues that he is entitled to an equitable tolling of the applicable statutes of limitations because (1) he is

---

May 13, 2014 because "Plaintiff was not in the custody of or otherwise being detained by Jefferson County or Defendant Fowler" and Plaintiff does not allege that there was "any agreement or relationship between the City of Birmingham and Cooper Green whereby Cooper Green was obligated to provide medical care to City of Birmingham detainees." (*See id.* at p. 8-9). Based on a liberal construction of Plaintiff's *pro se* pleadings, the court believes that, at this stage in the litigation, a ruling that no relationship existed between the City of Birmingham and Cooper Green would be premature.

proceeding *pro se* and the court should liberally construe his complaint and (2) he is computer illiterate and could not electronically file his complaint. (Doc. # 142 at 4-6).

As the Supreme Court has instructed, filing requirements are not mere formalities. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Furthermore, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Although *pro se* plaintiffs are entitled to a liberal construction of their pleadings, they are, nevertheless, bound by procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Under the doctrine of equitable tolling, a court can "pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050-51 (2017) (citing *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014)); *see also Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"). Equitable tolling is an extraordinary remedy which courts are only to apply sparingly. *Horsley v. Univ. of Alabama*, 564 F. App'x 1006, 1009 (11th Cir. 2014) (noting that the Eleventh Circuity has narrowly defined extraordinary circumstances that warrant equitable tolling and "that equitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment"). "Typically, a plaintiff who files late due to his own negligence may not invoke

equity to avoid the statute of limitations." *Farris v. United States*, 877 F. Supp. 1549, 1553 (M.D. Fla. 1994).

Although the court is sympathetic to Plaintiff's computer limitations and is mindful of Plaintiff's *pro se* status, these factors do not present extraordinary circumstances that invoke the doctrine of equitable tolling. *See, e.g.*, *Mullins v. Thomas*, No. 2:13-cv-02026-CLS-HG, 2014 WL 1330922, at *1 (N.D. Ala. Mar. 28, 2014) (holding that a plaintiff was not "entitled to equitable tolling of the statute of limitations because of his alleged borderline mental functioning, lack of understanding of the law, and *pro se* status"); *Cadet v. United States*, No. 3:12-cv-472, 2012 WL 4854381, at *4 (E.D. Va. Oct. 11, 2012) (finding that a petitioner was not entitled to equitable tolling because he was "not computer literate"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (explaining that a plaintiff's "lack of representation during the applicable filing period" does not merit equitable tolling); *see also Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); *Ham v. Owens*, No. 7:10-cv-40-HL, 2011 WL 550705, at *1 (M.D. Ga. Feb. 9, 2011); ("The law is clear that being unfamiliar with the legal process, whether because of illiteracy or another reason, does not merit equitable tolling."). Plaintiff has not provided the court with any justification as to why he waited until the end of the statute of limitations period to file his complaint (or to mail his complaint to the court). Accordingly, there are no grounds to toll the § 1983 and medical malpractice statutes of limitations for Plaintiff's claims against Defendant Fowler. *See Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("'Papers arriving after a deadline are untimely even if mailed before the deadline.'"). Because Plaintiff has not demonstrated that he diligently pursued his claims against Defendant Fowler or that "some extraordinary circumstance stood in his way and prevented

timely filing," Plaintiff's claims against Defendant Fowler are time-barred and due to be dismissed. *See Menominee Indian Tribe of Wisconsin*, 136 S. Ct. at 755.

V.     **Conclusion**

After careful review, the court concludes that Defendant Fowler's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. # 135) is due to be granted. Plaintiff has had multiple opportunities to state a claim against Defendant Fowler in this action. The claims that Plaintiff has ultimately asserted against Defendant Fowler are incurable as they are time-barred. Thus, Plaintiff's claims against Defendant Fowler are due to be dismissed with prejudice.

Because Plaintiff's Third Amendment to Complaint (Doc. # 97) and Fourth Amended Complaint (Doc. # 127) only include claims against Defendant Fowler and Defendant Fowler is due to be dismissed from this action, Plaintiff's Second Amended Complaint (Doc. # 74) will serve as Plaintiff's operative complaint in this case. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 22, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE