UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIM HENRY BALL, JR.,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:16-cv-01425-RDP |
| **TIMOTHY BROWN, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This matter is before the court on four pending motions (Docs. # 223, 225, 228, 229), all filed by Plaintiff. Three of the Motions (Docs. # 223, 225, 228) were filed in response to the Defendant's Suggestion of Death (Doc. # 207). The court construes Plaintiff's fourth motion, titled "Written Objections" to the Court's Order (Doc. # 229), as a Motion to Reconsider its Order denying Plaintiff's previous Motion to Reconsider (Docs. # 210, 217).

After careful consideration, each of Plaintiff's Motions (Docs. # 223, 225, 228, 229) is due to be denied.

**I.  Background**

On July 11, 2019, Defendant's filed a Suggestion of Death of Defendant Timothy Brown (Doc. #207). The Motion stated that Timothy Durand Brown passed away on November 14, 2018. (*Id.*) Defendant Timothy Brown's photograph and obituary were attached to Motion. (Docs. # 207, 207-1). In response, the court held a status conference on August 28, 2019. (Docs. # 216, 230).[1]

At the status conference, Plaintiff repeatedly asserted that the Timothy Brown pictured in the obituary attached to Defendant's Suggestion of Death (Doc. # 207-1) was not the "correct" or

---

[1] A court reporter was present at the status conference and prepared an official transcript of the proceedings. (Doc. # 230).

"right" Timothy Brown. (Doc. # 230 at 5, 6, 9, 11). Instead, Plaintiff stated the person who allegedly violated his rights was a different Timothy Brown. (*Id.*). Plaintiff intermittently referred to the person who allegedly violated his rights as "Brown," "T. Brown," and "Sargent Timothy Brown". (*Id.*) The court explained to Plaintiff, that based on his representations, Defendant Timothy Brown was an improper party and should be dismissed. (*Id.* at 5–6). By extension, the court explained further, Defendant Timothy Brown's estate was not an appropriate party. (*Id.*) Defense counsel clarified that there was only one Timothy Brown employed by the Birmingham City Jail at the time of Plaintiff's alleged civil rights violations.[2] (*Id.* at 7–8). Plaintiff continued to insist that Defendant Timothy Brown was not the "correct" Defendant. (*Id.* at 9, 11).

Once again, the court explained that Plaintiff would not be able to substitute Defendant Timothy Brown's estate if he was not a proper party to this action. (*Id.* at 14–16). In response, during the hearing, Plaintiff abruptly (and without any explanation) changed course. (*Id.*) He declared that the man in the obituary photo was, in fact, the "correct" Timothy Brown after all. (*Id.* at 16–19). When the court asked Plaintiff to explain his sudden backtracking, Plaintiff did not have an explanation.[3] (*Id.* at 16–20). Plaintiff then requested to substitute the estate of Defendant Timothy Brown. (*Id.* at 16).

The court warned Plaintiff that, based on his previous statements, if he substituted the estate of Defendant Timothy Brown, Defendant's could present Plaintiff's statements to the jury at trial. (*Id.* at 21). Further, the court warned Plaintiff that if Brown were added, and subsequently prevailed at trial, the personal representative of Defendant Timothy Brown's estate could pursue a claim against Plaintiff for litigating in bad faith. (*Id.*).

---

[2] In addition, defense counsel noted that Defendant Timothy Brown was served, answered interrogatories, participated in discovery, and signed affidavits. (Doc. # 230 at 7–8).

[3] In Plaintiff's later Motions, he stated that he was "confused []in good faith[]." (Doc. # 225 at 2)**.**

In response, Plaintiff stated that he was trying to retain a local attorney, Mr. David Gespass, to help him with issues (such as these) at trial.[4] (*Id.* at 22). At the end of the status conference, the court advised Plaintiff to consult with an attorney, including but not limited to, Mr. Gespass. (*Id.*). The court set a status conference for September 23, 2019 to follow-up with Plaintiff. (Doc. # 222).

Prior to the September 23 conference, Plaintiff filed two motions. (Docs. # 223, 225). First, Plaintiff filed a Motion to Substitute Defendant Timothy Brown's estate as a party. (Doc. # 223). Second, Plaintiff filed a Motion to Amend the Motion to Substitute Defendant Timothy Brown's Estate. (Doc. # 225). In response, Defendants filed Objections to Plaintiff's Motion for Substitution. (Doc. # 224). According to Defendants, "[Plaintiff's] [M]otion is frivolous, improper, and a waste of judicial time. [Plaintiff] has filed a pleading that contradicts his earlier representations to the Court." (Doc. # 224 at 2–3). Additionally, counsel for Defendant's provided that "[u]pon information and belief, Defendant Timothy Brown does not have an estate open." (*Id.* at 2, n. 3).

At the September 23, 3019 status conference, Plaintiff stated that he was not able to consult with an attorney, including Mr. Gespass. According to Plaintiff, Mr. Gespass has a conflict that prevents him from trying the case. Plaintiff also consulted with several of Mr. Gespass's colleagues, but they were either unable or unwilling to represent him. Despite his lack of representation, Plaintiff stated that he intendeds to pursue a claim against the estate of Defendant Timothy Brown. The court reminded Plaintiff of the ramifications of substituting Defendant Timothy Brown's estate after his statements at the August 28, 2019 status conference. Plaintiff acknowledged that he understood.

---

[4] The court appointed Attorney David Gespass to help Plaintiff draft a second amended complaint that complied with the Federal Rules of Civil Procedure. (Doc. # 73 at 1). In the Order of appointment, court noted that Mr. Gespass's appearance in the case was "limited" and that "[h]e has not been appointed to represent nor agreed to undertake representation of Plaintiff." (*Id.* at 1, n.1).

3

At the conclusion of the status conference, Plaintiff was ordered to notify the court, on or before October 1, 2019, whether he intended to pursue a claim against Defendant Timothy Brown's estate. (*See* Doc. # 226). On September 27, 2019, Plaintiff filed two motions. First, Plaintiff filed a Motion to Strike (Doc. # 228), in which he notified the court that he intends to pursue a claim against Defendant Timothy Brown's estate. In the same Motion, Plaintiff asks the court to strike his August 28, 2019 statements about Defendant Timothy Brown not being the "correct" or "right" Timothy Brown. (*Id.*). Second, Plaintiff filed Written Objections to the court's Order on Plaintiff's Motion to Reconsider. (Docs. # 217, 229). The court construes Plaintiff's "Written Objections" as a Motion to Reconsider Plaintiff's previous Motion to Reconsider the court's Order granting summary judgment to the City of Birmingham, Deidra Daniels, Emantic Bradford, and Freida Taylor, as well as remanding count nine to state court. (*See* Docs. # 204, 205, 210, 217, 229). Stated differently, Plaintiff's "Written Objections" are a Motion to Reconsider the court's Order on Plaintiff's previous Motion to Reconsider.

The court addresses each of Plaintiff's Motions, in turn. (Docs. # 223, 225, 228).

**II.    Motion to Substitute**

In three of Plaintiff's motions – his Motion to Substitute, Motion to Amend the Motion for Substitution, and Motion to Strike -- Plaintiff asks the court to substitute Defendant Timothy Brown's estate for Defendant Timothy Brown. (Docs. # 223, 225, 228). Because Plaintiff is appearing *pro se* and because this area of the law is far from clear, the court first discusses the Rule 25 procedural hurdles a party must clear to substitute an estate for a deceased party.

According to Federal Rule of Civil Procedure 25(a):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent

4

must be dismissed . . . A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. . . .

FED. R. CIV. 25. In sum, Rule 25 contemplates: (1) survival of a claim; (2) a notification or suggestion of death; and (3) a motion to substitute. All three of these prongs are governed by strict procedural requirements. *Schmidt v. Merrill Lynch Tr. Co.,* No. 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008) ("Strict adherence to the procedural formalities is required under Rule 25(a).").

### A. Survival of Plaintiff's Claim

A prerequisite to a Rule 25(a) analysis is a determination of whether the claim survives death. Plaintiff has not argued or provided authority regarding the survival of his claim against Defendant Timothy Brown's estate. However, as Plaintiff is *pro se*, the court assumes the task of determining whether Plaintiff's claims survive Defendant Timothy Brown's death.

Rule 25(a) is a procedural rule only; therefore, the determination of whether a claim survives death is a function of the substantive law governing the claims and defenses in the action. Generally, if state law forms the basis of the underlying claim, state law governs the claim. *See Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045–46 (11th Cir. 2011). If the claim is based on a federal question, federal substantive law is controlling. *Id.* The exception to the general rule provides that the survival of claims under a federal civil rights statute (such as the statute at issue here, 42 U.S.C. § 1983) is dependent on the law of the forum state. *Id.* ("By its terms, 42 U.S.C. § 1983 does not provide for the survival of civil rights actions. Due to this 'deficiency' in the statute, the survivorship of civil rights actions is governed by 42 U.S.C. § 1988(a)[]" and "[t]hat statute generally directs that, where federal law is 'deficient,' the state law of the forum applies as long as it is 'not inconsistent with the Constitution and the laws of the

United States.'") (quoting *Robertson v. Wegmann*, 436 U.S. 584, 588–89 (1978)). In the instant case, the applicable state law is the Alabama survival statute. ALA. CODE § 6-5-462.

According the Alabama survival statute:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

*Id*. The survival statute allows the continuation of an action brought prior to a tortfeasor's death. *Id*. Recovery under the survival statute is based on compensatory considerations. Generally, punitive damages are not recoverable against a deceased tortfeasors estate.[5]

In Count Three of Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendant Timothy Brown "left [P]laintiff naked without reason, maliciously [] for the purpose of causing him emotional harm" and "[was] aware of plaintiff's fragile condition at least by virtue of his being in a suicide watch cell." (Doc. # 74 at 12, ¶ 42–43). As such, Plaintiff, seeks the following relief: (1) "[a] judgment for such compensatory and punitive damages as a jury may award;" (2) "[p][ursuant to 42 U.S.C. § 1988, his costs and any attorneys fees he may accrue; and" (3) "[s]uch other, further and different relief as to which he may be entitled." (*Id.* at 12 ¶¶ 41–1, 41–2, 41–3).

Although Plaintiff's complaint does not explicitly state a legal basis for his claim against Defendant Timothy Brown, the court interprets Count Three of Plaintiff's Complaint as alleging that Defendant Timothy Brown exercised deliberate indifference to Plaintiff's serious Medical

---

[5] The majority rule in Alabama is that punitive damages are not recoverable against the estate of a deceased tortfeasor. *Meighan v. Birmingham Terminal Co.*, 51 So. 775 (Ala. 1910) ("[Punitive damages] are awarded not for the compensation of the plaintiff, but as a warning to other wrongdoers. A plaintiff has no right to maintain an action merely to inflict punishment [against the estate].").

needs, in violation of the Eighth Amendment.[6] (*See* Doc. # 74). Because the court construes Plaintiff's claims as a "constitutional tort," the Alabama survivorship statute and subsequent case law provide that only Plaintiff's claim for compensatory damages survives Defendant Timothy Brown's death. *See Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985) ("Deliberate indifference to serious medical needs is a tort of constitutional dimension.") (citing *Gamble*, 429 U.S. at 104). As such, Plaintiff's claim for punitive damages cannot proceed against Defendant Timothy Brown's estate. Because Plaintiff's claim for compensatory damages is not extinguished, the court will proceed with the Rule 25(a) analysis.

### B. Suggestion of Death

"Filing a suggestion of death on the record has a very narrow role-it commences the 90 day period within which a motion to substitution must be filed." *Schmidt*, 2008 WL 2694891, at *2–3. As a threshold matter, a valid suggestion of death under Rule 25(a) requires two actions. First, a formal statement of death must be placed "on the record" by one with the authority to do so. FED. R. CIV. 25 (a)(1). "While Rule 25(a) does not explicitly specify who may properly serve the suggestion of death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution."[7] *Schmidt,* 2008 WL 2694891, at

---

[6] In *Estelle v. Gamble*, the Supreme Court held "that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment[]" and "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." 429 U.S. 97, 104 (1976) (internal citations and quotations omitted).

[7] Generally, courts have found that the person filing the statement of death need not be a current party or a formal representative of the deceased party. 2 *Moore's Manual: Federal Practice and Procedure* § 13.32 (Matthew Bender). However, there is authority in support of the proposition that a Rule 25(a) suggestion of death is ineffective if it is filed by the Defendant's attorney, unless the attorney is the personal representative of the deceased party. *Schmidt,* 2008 WL 2694891, at *2–3 ("courts have consistently excluded decedent's counsel from the definition of those 'representatives' having the authority to file a suggestion of death under Rule 25(a)."); *see Al-Jundi v. Estate of Rockefeller,* 757 F. Supp. 206, 210 (W.D. N.Y. 1990) ("Death withdrew from the attorney every iota of authorization he had to act for or in [his client's] behalf."). But "such authority is the minority view, and many other district courts have permitted cases to be dismissed after the decedent's attorney filed either the statement noting death or the motion to substitute." 2 *Moore's Manual: Federal Practice and Procedure* § 13.32 (Matthew Bender); *Felton v. Board of Comm'rs,* 796 F. Supp. 371, 380 (S.D. Ind. 1991), *aff'd on other grounds,* 5 F.3d 198 (7th Cir. 1993); *United States*

*2–3.

Second, the statement of death must be served pursuant to Rule 25(a)(3). FED. R. CIV. P. 25(a)(3). Rule 23(a)(3) requires that the "[m]otion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. *A statement noting death must be served in the same manner . . . .*" *Id.* (emphasis added). A common error in service occurs when the party filing the suggestion of death merely serves the attorney of the decedent and does not serve the non-party successors or representatives of the deceased. *See* FED. R CIV. P. 25(a). This strict procedural requirement is necessary to alert interested non-parties to the existence of the suit.

As previously stated, filing and serving a suggestion of death on the record commences a 90-day period within which a motion for substitution must be filed.[8] *Schmidt,* 2008 WL 2694891, at *2. "'In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed.'" *Id.* (quoting *Kasting v. Am. Family Mut. Ins. Co.,* 196 F.R.D. 595, 599 (D. Kan. 2000)). But, according to Rule 6(b), a court has the discretion to allow an extension of the 90–day deadline for a showing of good faith or excusable neglect. FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Here, Defendant's fulfilled only one of the two Rule 25(a) procedural requirements. Defendant's properly filed a Suggestion of Death of Defendant Timothy Brown on July 11, 2019. (Doc. # 207). The Motion served the purpose of notifying the court and the parties that Defendant

---

*v. Private Sanitation Indus. Ass'n*, 159 F.R.D. 389, 389 (E.D.N.Y. 1994), *aff'd without opinion,* 47 F.3d 1158 (2d Cir. 1995).

Brown passed away on November 14, 2018. (*Id.* at 1). But, Defendant's failed to properly execute service of process. The Motion does not indicate, as Rule 25(a) requires, that the suggestion of death was "served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." FED. R. CIV. P. 23(a)(3). The certificate of service attached to the Motion indicates that the Motion was served only on Plaintiff's Attorney, Ted Pearson.[9] (Doc. # 207 at 2). Crucially, the Suggestion of Death was not served on non-party successors or representatives of the deceased.

Having said all that, the court acknowledges that "Rule 25(a) is not meant to be used as a procedural mechanism to bar . . . otherwise meritorious actions." *Schmidt*, 2008 WL 2694891, at *2 (internal citations and quotations omitted). "Instead, its driving purpose is to ensure that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights." *Id*. A suggestion of death is not a prerequisite to filing a motion for substitution. *See* FED. R. CIV. P. 25(a)(1)–(3). Rather, a properly filed and served suggestion of death is required for the court to dismiss an action pursuant to Rule 25(a) after the 90-day waiting period has expired. *Schmidt*, 2008 WL 2694891, at *2. The claim may proceed even if the suggestion of death was improperly served, so long as a party follows the procedural requirements to substitute a decedent's estate as a party. *Id*.

Because Defendant's Suggestion of Death was not served on non-party successors or representatives, the 90-day waiting period was not triggered. However, the Suggestion of Death did place the court and Plaintiff on notice that Defendant Timothy Brown is deceased. And Plaintiff has asked the court to substitute Defendant's Timothy Brown's estate. Therefore, the court will

---

[9] Attorney Ted Pearson filed a Notice of Appearance on March 14, 2019. (Doc. # 193). On July 12, 2019 Attorney Pearson filed a Motion to Withdraw as Plaintiff's Attorney. (Doc. # 208). Plaintiff filed a Motion responding to Attorney Pearson's Motion to Withdraw, which made it clear that Plaintiff and Attorney Pearson had irreconcilable differences. (Doc. # 214). After addressing the issue at a pretrial conference, the court granted Attorney Pearson's Motion to Withdraw on August 8, 2019. (Docs. # 208, 209, 215)

proceed to the second step of the Rule 25(a) analysis.

### C. Motion for Substitution

The requirements for filing and serving a motion to substitute are similar to the requirements for filing and serving a suggestion of death. *See* FED. R. CIV. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. . ."). A motion for substitution must identify the proper party for service and specify the grounds for substitution. [10]

As previously established, the Suggestion of Death filed by Defendant's was not served pursuant to the requirements in Rule 25(a); therefore, the 90-day waiting period was not triggered. Even so, Plaintiff filed several Motions seeking to substitute the estate of Defendant Timothy Brown. (*See* Docs. # 223, 225, 228). However, Plaintiff's Motions to Substitute fail for the same reason the Defendant's Suggestion of Death failed to trigger the 90-day waiting period, Plaintiff did not serve the Motion to Substitute on the requisite non-parties as required by Rule 25(a)(3). The certificate of service attached to each of Plaintiff's indicate that only Defense counsel was served. (Docs. # 223 at 2–3; 225 at 6–7; 228 at 4).

Indeed, there is no indication in Plaintiff's filing, or otherwise, that suggests Plaintiff proffered service on the requisite non-parties. Moreover, there is no indication that Defendant Timothy Brown's heirs (if any) or personal representative (if any) received notice of the pending

---

[10] Rule 25(a) requires that the substituted party must be a proper party. *See* FED. R. CIV. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record."). For example, a party may not substitute the "estate" for the decedent because the estate is not a proper party. Rather, the proper party is the legal representative of the estate.

action. Because the "driving purpose" of a Rule 25(a) motion is to "ensure that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights[,]" Plaintiff's Motions for Substitution are due to be denied.[11] *Schmidt*, 2008 WL 2694891, at *2.

### III. Motion to Strike

Next, the court addresses Plaintiff's Motions to Strike (Docs. # 225, 228). Although Plaintiff does not cite to the Federal Rules of Civil Procedure, the court construes his requests as Rule 12(f) Motions to Strike. Before beginning the Rule 12(f)) analysis, it is necessary for the court to provide an overview of Plaintiff's Motions.

In Plaintiff's first Motion, Plaintiff states that he was "confused (in good faith) at the August 28, 2019 status conference, when he stated that that Defendant Timothy Brown was not the "correct" or "right" Timothy Brown. (Doc. # 225 at 2). Although not titled "Motion to Strike,"[12] Plaintiff's Motion substantively requests relief that is only available via Rule 12(f). For example, Plaintiff describes the events of the August 28, 2019 status conference and states that he asked to "withdraw" his statement. (*Id.* at 3). In the same Motion, Plaintiff responds to the Defendant's September 13, 2019 filing (in which Defendant's describe Plaintiff's contradictory statements) and states that the Defendant's Motion should be "stricken" from the record. (*Id.* at 4). When considering Plaintiff's Motion in its entirety, it is clear that Plaintiff is asking the court to remove his August 28, 2019 statements from the record.

---

[11] In denying Plaintiff's Motions to Substitute, the court recognizes that Plaintiff is *pro se*. However, the court has an obligation to protect non-party interests. At a minimum, Rule 25 requires that the personal representative or heirs of the decedent's estate be notified of the pending action. *See* 2 *Moore's Manual: Federal Practice and Procedure* § 13.32 (Matthew Bender). ("Courts have held that strict compliance with [Rule 25(a) service requirements] is necessary to alert the nonparty to the consequences of death for a pending suit and to signal the need for action to preserve the claim if the nonparty desires."). Here, there was no such notification.

[12] Plaintiff's first motion was titled "Motion to Amend Motion for Substitution and Response to Defendant's 9-13-2019 Filings." (Doc. # 225 at 1).

11

In Plaintiff's second Motion to Strike, he states "[t]hat[] [he] pleaded an insufficient defense based on the photo of said deceased Defendant Timothy Brown, and incorrectly stated that the picture of Timothy Brown was not the correct [Defendant Timothy] Brown . . . ." (Doc. # 228 at 2). Plaintiff concludes the Motion by stating "the evidence have [sic] shown that the deceased Timothy Brown is the correct Timothy Brown that were [sic] set for the March 2019[] trial." *Id*. Although it is unclear if Rule 12(f) applies in this instance, the appropriate analysis for Plaintiff's Motions is analogous to that of a Motion to Strike.

According to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). Generally, courts disfavor motions to strike because striking a portion of a pleading is a drastic remedy and is frequently used as a dilatory tactic. *Drew v. Quest Diagnostics*, 992 F. Supp. 2d 1177, 1182 (N.D. Ala. 2014) ("A motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (internal citations and quotations omitted).

Here, Plaintiff requests relief that is likely not available under Rule 12(f). The text of Rule 12(f) provides that a Motion to Strike applies only to pleadings[13] and courts have been unwilling to construe the rule broadly. *Polite v. Dougherty Cnty. Sch. Sys.,* 314 Fed.Appx. 180, 184 n. 7 (11th Cir. 2008). However, "[t]he law is not entirely clear on whether a court has broad powers to

---

[13] According to Rule 7 of the Federal Rules of Civil procedure, the following are classified as pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

strike evidence or other non-pleadings, or if a court's power to strike is limited by Rule 12(f) to the pleadings." *Johnson v. Gestamp Alabama, LLC*, 946 F. Supp. 2d 1180, 1192 (N.D. Ala. 2013). *Compare Reese v. Herbert,* 527 F.3d 1253, 1265, 1274 (11th Cir. 2008) (affirming district court's grant of a motion to strike an affidavit), *with Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F. Supp. 1502, 1503 (N.D. Ill. 1993) (holding "that the employees' motion to strike was not proper because it did not constitute a pleading under [Rule 12]."), *and Polite,* 314 F. App'x at 184 n. 7 ("motions to strike are only appropriately addressed towards matters contained in the pleadings").

Undoubtedly, Plaintiff's statements at the August 28 status conference and his subsequent Motions are not "pleadings" under Rule 7. Even if the court disregards the Rule 12(f) "pleading" requirement, Plaintiff's Motions still fail under a proper analysis. To succeed on a motion to strike, Plaintiff must show that the challenged matter is "redundant, immaterial, impertinent, [] scandalous" or a defense that is legally insufficient. FED. R. CIV. P. 12(f). Upon examination of the record, it is clear that Plaintiff's statements at the August 28, 2019 status conference do not fit in any of these categories. *Id.* To the contrary, Plaintiff's statements are relevant, material, and potentially dispositive regarding his allegations against Defendant Timothy Brown.

The underlying function of a Rule 12(f) motion is to avoid the needless expenditure of time and money that arises from litigating issues that are not probative of the underlying issues in the case. Here, Plaintiff's statements are probative of his claims against Defendant Timothy Brown, and potentially, Defendant Timothy Brown's Estate. Therefore, Defendant's Motions to Strike (Docs. # 225, 229) are due to be denied.

**IV.     Motion to Reconsider**

Finally, the court addresses Plaintiff's "Written Objections" which the court construes as a Motion to Reconsider. (Doc. # 229). In his "Written Objections" Plaintiff requests that the court

13

reconsider its Order on his previous Motion to Reconsider. (Doc. # 217). Plaintiff's previous Motion to Reconsider asked the court to reconsider its Order granting Summary Judgment to the City of Birmingham, Deidra Daniels, Emantic Bradford, and Freida Taylor, as well as remanding count nine to state court. (*See* Docs. # 118, 204, 205, 210). Essentially, Plaintiff's "Written Objections" are a Motion to Reconsider the same issues raised in his previous Motion to Reconsider.

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, but they are common enough in practice. However, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005)); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. 2002). Although this court has discretion to reconsider its orders, motions for reconsideration are disfavored. *See, e.g., Iberiabank v. Case Construction, LLC*, 2015 WL 5457889, *2 (S.D. Ala. Sept. 16, 2015).

"Far too often, litigants operate under the flawed assumption that any adverse ruling ... confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper." *Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. 2010); *see Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) (finding a motion to reconsider may not be used to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment."); *see also Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate

whenever the losing party thinks the District Court got it wrong"). Motions to reconsider "cannot be brought solely to relitigate issues already raised." *Harris v. Corrections Corp. of America*, 2011 WL 2672553, *1 (11th Cir. 2011).

Here, Plaintiff is "operat[ing] under the flawed assumption that any adverse ruling ... confers upon [him] [a] license to move for reconsideration . . . ." *Garrett*, 2010 WL 320492 at *2. Plaintiff is using his "Written Objections" as means to relitigate issues the court has twice considered and twice rejected. First, the court addressed these issues in its summary judgment Order and Memorandum Opinion. (Docs. # 204, 205). Second, the court addressed these issues in its Order in response to Plaintiff's first "Written Objections." (Docs. # 210, 217).

Plaintiff's third bite at the apple does not raise any new issues or present any new evidence. Rather, Plaintiff's "Written Objections" merely rehash his argument "that the evidence clearly shows" the court erred in granting summary judgment in favor of the City of Birmingham, Deidra Daniels, Emantic Bradford, and Freida Taylor. Because the court has addressed the issues raised in Plaintiff's "Written Objections" ad nauseum, Plaintiff's Motion is due to be denied. Further, Plaintiff is cautioned that if he continues to file frivolous Motions, the court may exercise its power to impose sanctions.

V. **Conclusion**

For the reasons stated above, Plaintiff's Motions (Docs. # 223, 225, 228, 229) are due to be denied.

**DONE** and **ORDERED** this November 5, 2019.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE