FILED

2020 Aug-04  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIM HENRY BALL, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:16-cv-01425-RDP** |
| | } | |
| **KATHIE DAVIS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Judgment as a Matter of Law. (Doc. # 264). Defendants oppose the Motion. (Doc. # 265). After careful consideration, and for the reasons discussed below, Plaintiff's Motion (Doc. # 264) is due to be denied.

### I.  Background

Plaintiff Jim Henry Ball, Jr.[1] brought this action against multiple defendants for alleged violations of the Eighth Amendment that occurred during his incarceration at the Birmingham City Jail.[2] Following the court's Order and Memorandum Opinion on Defendants' Motion for Summary Judgment, four Defendants remained: (1) Kathie Davis; (2) Verlyne Moten; (3) Lawrence Singleton; and (4) Timothy Brown. However, before the trial date, the court was notified that Defendant Timothy Brown was deceased. (Docs. # 207, 207-1). The court dismissed the claims against Defendant Timothy Brown on December 11, 2019. (Doc. # 237).

---

[1] Plaintiff is appearing in this action *pro se*.

[2] For a detailed summary of the factual allegations underlying Plaintiff's case, see the court's Memorandum Opinion on Defendants' Motion for Summary Judgment (Doc. # 204).

This case was tried to a jury on March 9, 2020 to March 11, 2020, on the following causes of action: (1) a deliberate indifference to conditions of confinement claim against Defendants Moten and Davis; (2) a conditions of confinement claim against Defendant Moten; (3) an excessive force claim against Defendant Singleton, and (4) an assault and battery claim against Defendant Singleton. On March 11, 2020, the jury returned a verdict in favor of Defendants on all claims. (Doc. # 261).

Plaintiff thereafter filed his Motion for Judgment as a Matter of Law. (Doc. # 264). In his Motion, Plaintiff argues that he is entitled to relief under Federal Rule of Civil Procedure 50 because: (1) the jury was misled by counsel's opening statements; and (2) the jury's verdict was against the great weight of the evidence. (*Id.*). Defendants filed responsive briefing and argued that Plaintiff failed to meet his Rule 50 burden. (Doc. # 265). Plaintiff did not file a reply brief. For the reasons discussed, Plaintiff's Motion is due to be denied.

## II.   Standard of Review

Rule 50 of the Federal Rules of Civil Procedure governs motions for judgment as a matter of law during and following a jury trial. In relevant part, Rule 50 provides:

**(a) Judgment as a Matter of Law.**

> **(1)** *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > **(A)** resolve the issue against the party; and
> >
> > **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

2

**(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

> **(1)** allow judgment on the verdict, if the jury returned a verdict;
>
> **(2)** order a new trial; or
>
> **(3)** direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(a)-(b) (emphasis in original). In reviewing a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, the court draws all reasonable inferences in favor of the non-moving party, does not weigh the evidence or make any credibility determinations, and disregards any "evidence that the jury need not have believed." *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018); *see also Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 151 (2000) ("[T]he court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.") (citation and quotation marks omitted).

## III.    Analysis

Plaintiff's Motion is due to be denied for three reasons. First, his motion is procedurally barred. Second, even if his motion was procedurally proper, defense counsel's opening statements were proper and did not mislead the jury. Third, the jury's verdict was not against the great weight of the evidence. The court addresses each, in turn.

First, Plaintiff moved the court to enter judgment as a matter of law fifteen days after the jury returned its verdict. (Doc. # 264). Plaintiff did not move for judgment as a matter of law prior to the close of evidence; therefore, the court construes Plaintiff's Motion as a Rule 50(b) renewed motion for judgment as a matter of law.

It is well-established that a prerequisite to any Rule 50(b) motion is a motion for directed verdict pursuant to Rule 50(a) made at the close of all of the evidence. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury."); *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1289 (11th Cir. 1998) (citing *Crawford v. Andrew Sys., Inc.*, 39 F.3d 1151, 1154 (11th Cir. 1994)) ("It is well-settled that a district judge lacks authority to grant a Rule 50(b) motion when no Rule 50(a) motion is made. This is because the post-submission Rule 50(b) motion is nothing more than a renewal of the earlier motion made at the close of the presentation of evidence; hence, a party cannot assert a ground that was not included in the earlier motion."); *Crawford v. Andrew Sys., Inc.*, 39 F.3d 1151, 1154 (11th Cir. 1994) (holding that where defendants made no motion for a directed verdict, the district court had no authority to grant a judgment notwithstanding the verdict); *Sims' Crane Service v. Ideal Steel Products, Inc.,* 800 F.2d 1553 (11th Cir. 1986) (holding that the trial court erred when it granted defendant's motion for a judgment notwithstanding the verdict because the defendant had never moved for a directed verdict).

Here, Plaintiff failed to move the court for judgment as a matter of law at the close of all the evidence. In his briefing, Plaintiff does not contend that he moved for judgment as a matter of law prior to the close of trial. Rather, he merely argues that he is entitled to a directed verdict. In a similar case, a district court denied a *pro se* plaintiff's motion for judgment as a matter of law

4

because he failed to move for a directed verdict before the close of all the evidence). *Calhoun v. Wal-Mart Stores E., LP*, No. 1:14-CV-2581-CC, 2018 WL 9439692, at *1 (N.D. Ga. Sept. 28, 2018), *aff'd sub nom. Calhoun v. Walmart Stores E., LP*, No. 18-14545, 2020 WL 3258436 (11th Cir. June 16, 2020). Because Plaintiff has failed to meet the procedural prerequisite of moving for judgment as a matter of law at the close of evidence, his Motion is due to be denied.

Second, even if Plaintiff's Motion were not procedurally barred, it is due to be denied on the merits. Plaintiff argues that defense counsel's remark "[Plaintiff's] assertions are false" during opening statements misled the jury. As the court explained to the jury prior to opening statements, an opening statement is merely a party's opinion about what the evidence will show. (Doc. # 260 at 3); *see Best v. D.C.*, 291 U.S. 411, 415 (1934) (discussing that opening statements are ordinarily intended to merely inform jury in general way of nature of action and defense so that jurors may better be prepared to understand evidence); *see e.g., Mercer v. Theriot*, 377 U.S. 152, 154-56 (1964) ("[An] [o]pening statement, in action for death of decedent who was hit by automobile whose driver did not stop or render aid, [where counsel stated] that plaintiff would establish that defendant was a hit and run driver with complete disregard for life was not significantly outside bounds of permissible advocacy."); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1477 (11th Cir. 1984) (finding that the district court did not err when, in a medical malpractice action, counsel for defendant stated that plaintiff was "stoned out of his mind" and the court instructed the jury to judge case on actual evidence and not on what lawyer said evidence was).

Finally, Plaintiff argues that the jury's verdict was against the great weight of the evidence. Plaintiff asserts that he is entitled to judgment as matter of law because the evidence presented at trial is so one sided and immensely overwhelming in his favor. (Doc. # 264 at 3). However, Plaintiff does not specify which evidence he presented at trial that supports his assertions. In any

5

event, "[u]nder [Rule 50(b)] judgment as a matter of law is appropriate only if the facts and inferences point [so] overwhelmingly in favor of one party . . . that reasonable people could not arrive at a contrary verdict." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010) (quotation marks omitted; alterations in original). It is the task of the jury, not the court, "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks omitted). Therefore, "[i]f reasonable jurors could reach different results, [this court] must 'not second-guess the jury or substitute our judgment for [the jury's] judgment.'" *Brochu,* 304 F.3d at 1155 (quoting *Lipphardt*, 267 F.3d at 1186). Here, the evidence presented at trial shows that the parties sharply dispute what occurred in this case. This was a case for a jury (not the court) to decide and there was clearly substantial evidence to support the jury's verdict and the court will not second guess or substitute its own judgment for that of the jury's. Plaintiff's motion is due to be denied.

## IV.    Conclusion

For the reasons discussed above, Plaintiff's Motion (Doc. # 264) is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this August 4, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE